UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CHAVEZ-ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOSE POLICE DEPT., et al.,<br><br>　　　　Defendants. | Case No. 16-02796 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the San Jose Police Department ("SJPD") and its officers. Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that on February 9, 2014, he was shot multiple times by two officers during the course of his arrest. (Compl. Attach. at 2.) Plaintiff claims that "defendants had failed to properly investigate the excessive use of force" which he claims was "[s]olely intended to cause harm and kill the plaintiff and then 'covered up' the actual events." (Id.) Plaintiff also claims that he was tasered by two officers multiples times after being shot, as well as being hit multiple times while his hands were up. (Id.) Liberally construed, Plaintiff's allegations are sufficient to indicate that excessive force may have been used during the course of his arrest which is a valid claim under § 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989). However, Plaintiff fails to specify how each named defendant, of whom there are eight, caused a constitutional deprivation: he claims he was shot multiple times "by two officers" without identifying them by name, and that "two officers" allegedly tasered him multiple times, also without providing their names. In fact, he fails to describe any actions by the eight named defendants in his statement of the case. (Compl. Attach. at 2.)

A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting

2

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Plaintiff has failed to adequately plead causation by the individual Defendants. Without an adequate description of the specific acts each individual defendant allegedly committed, and how the alleged acts violated his constitutional rights, the Court cannot determine whether Plaintiff has stated claims for relief against each named defendant. Accordingly, the complaint is DISMISSED with leave to amend for Plaintiff to attempt to correct the deficiency specified above.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) da**ys of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 16-02796 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes all prior complaints, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

///
///

1    The Clerk shall include two copies of the court's form complaint with a copy of this
2  order to Plaintiff.
3    **IT IS SO ORDERED.**
4  Dated:  10/4/2016                         _____
                                             EDWARD J. DAVILA
                                             United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\EJD\CR.16\02796Chavez-Alvarez_dwlta