UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL CHAVEZ-ALVAREZ,<br>    Plaintiff,<br>    v.<br>OFFICER MONZON, BADGE #4147,<br>    Defendant. | Case No. 16-02796 EJD (PR)<br>**ORDER OF SERVICE; DIRECTING CLERK TO ISSUE SUMMONS FOR DEFENDANT MONZON** |

Plaintiff, a California state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 against the San Jose Police Department ("SJPD") and its officers. On April 5, 2017, the Court issued an order of service directing the Clerk to mail a Notice of Lawsuit and Request for Waiver of Service of Summons to Defendant Officer Monzon (Badge # 4147) at the San Jose Police Department. (Docket No. 10.) The service documents were mailed on April 7, 2017. (Docket No. 11.) On July 14, 2017, after having received no response, the Clerk sent waiver documents for Defendant to the Court Liaison at the San Jose Police Department. The Court has received no response from Defendant and has no information to conclude that the mail was undeliverable or that Defendant has been served.

Pursuant to Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure, when a waiver

has not been obtained, service may be effected by way of personal service. Plaintiff is proceeding *in forma pauperis*; therefore, he is entitled to such service by the U.S. Marshal. See Fed. Civ. P. 4(c)(3).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk is directed to issue a summons and the U.S. Marshal shall personally serve, without prepayment of fees, a copy of the amended complaint, (Docket No. 7), all attachments thereto, a copy of the Court's order dated April 5, 2017, (Docket No. 10), and a copy of this order upon **Defendant Officer Monzon (Badge # 4147)** at the San Jose Police Department (201 W. Mission Street, San Jose, CA 95110). The Clerk shall also mail a copy of this Order to Plaintiff.

2. **No later than sixty (60) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date the summary judgment motion is due.

3. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendant **no later than twenty-eight (28) days** from the date Defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

4. Defendant shall file a reply brief **no later than fourteen (14) days** after plaintiff's opposition is filed.

2

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on Defendant or Defendant's counsel, by mailing a true copy of the document to Defendant or Defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

**IT IS SO ORDERED.**

Dated: __8/24/2017_____       _____
                                    EDWARD J. DAVILA
                                    United States District Judge